IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 10, 2015 Session

## PHYLLIS SMITH v. SHELBY COUNTY

**Appeal from the Circuit Court for Shelby County**
**No. CT00122112     John R. McCarroll, Jr., Judge**

---

### No. W2014-01557-COA-R3-CV – Filed May 28, 2015

---

In this premises liability action, Appellant Phyllis Smith ("Ms. Smith") appeals the trial court's finding that Shelby County ("the County") is immune from suit under the Tennessee Governmental Tort Liability Act.  Because we conclude that the order appealed from is not a final judgment, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right: Appeal Dismissed

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON, J., and KENNY ARMSTRONG, J., joined.

Kenneth M. Margolis and Jada L. Brisentine, Memphis, Tennessee, for the appellant.

Walter L. Evans, II, and John B. Turner, Jr., Memphis, Tennessee, for the appellee.

### OPINION

Ms. Smith commenced this lawsuit on March 16, 2012, by filing a complaint against the County in the Shelby County Circuit Court.  The complaint alleged that Ms. Smith had been injured as a result of the County's negligence due to a slip and fall incident while working at the Shelby County Correctional Center on June 13, 2011.  On June 5, 2012, the County filed an answer to the complaint and asserted various defenses.  Although trial was initially scheduled to occur in January 2013, this setting was continued.

On February 1, 2013, Correct Care Solutions, LLC ("Correct Care"), and Commerce and Industry Insurance Company ("Industry Insurance"; collectively "the Intervening Plaintiffs") filed a motion to intervene in the case.  In their motion, the

Intervening Plaintiffs asserted that they had paid Ms. Smith benefits on behalf of her employer pursuant to the Tennessee Workers' Compensation Act. They sought to intervene in Ms. Smith's lawsuit "in order to protect [their] statutory subrogation rights and subrogated interests[.]" On February 8, 2013, the Circuit Court entered an order granting the motion to intervene, and on the same date, an intervening complaint was filed. Following the Intervening Plaintiffs' involvement in the case, trial dates were set and reset on a number of occasions.

On June 17, 2014, the Circuit Court entered a consent order allowing counsel for the Intervening Plaintiffs to withdraw. Specifically, the order stated as follows:

> Kyle I. Cannon, Esq., and the Law Firm of Glassman, Wyatt, Tuttle & Cox, P.C., are hereby withdrawn as counsel of record for the Intervening Plaintiffs, CORRECT CARE SOLUTIONS, LLC, and COMMERCE AND INDUSTRY INSURANCE COMPANY, terminating their representation of said entities in this cause, and thereby relieving said Counsel of any and all bond and/or surety as well as any continued duties relating to said representation.

We observe that the Intervening Plaintiffs remained parties in the case notwithstanding the withdrawal of their counsel. Moreover, there is no indication in the record that their complaint was ever dismissed.

Subsequent to the withdrawal of the Intervening Plaintiffs' counsel, near the end of June 2014, the Circuit Court conducted a three-day bench trial. Having reviewed the transcripts of the trial proceedings filed in the record, we observe that the Intervening Plaintiffs did not participate at trial as they were not represented. Although counsel for Ms. Smith and the County were present, no counsel made an appearance on behalf of Correct Care or Industry Insurance.

On July 29, 2014, the Circuit Court entered its "Judgment Order on Bench Trial." Although the order found "no comparative fault on the part of [Ms. Smith]," it ultimately concluded that "a judgment for the [County] is appropriate." By incorporating findings of fact and conclusions of law that it made in a previous oral ruling from the bench at the conclusion of trial, the Circuit Court found that the County retained governmental immunity under the Tennessee Governmental Tort Liability Act. The order was approved as to form by counsel for Ms. Smith and the County. On August 13, 2014, Ms. Smith filed a notice of appeal.

Oral arguments concerning the appeal were heard in March 2015. Upon our review of the record following oral argument, however, we observed that the judgment appealed from was not compliant with Tennessee Rule of Civil Procedure 58. As we explained to the parties in an order dated May 6, 2015:

In this case, the trial court's July 29, 2014, order contains the signature of the trial judge, Appellant's counsel, and Appellee's counsel. Noticeably absent is any mention of the intervening parties in this case, Correct Care Solutions, LLC, and Commerce and Industry Insurance Company. The trial court's July 29, 2014, order did not contain the signature of any counsel for these intervening parties, nor did it contain a certificate of the clerk or counsel indicating that a copy of the order had been served on all other parties or counsel.

Although the record indicates that the original counsel for the intervening parties withdrew from representation on June 17, 2014, there is no indication that the intervening complaint was voluntarily dismissed prior to the entry of the July 29, 2014, order. Based on the record transmitted to us, Correct Care Solutions, LLC, and Commerce and Industry Insurance Company remained parties in the case. As such, they were entitled to the notice Rule 58 provides, and yet, the July 29, 2014, order failed to comply with the requirements of Rule 58. The record simply does not reflect that Correct Care Solutions, LLC, and Commerce and Industry Insurance Company were aware that there was a final, appealable judgment, and we note that neither party participated in this appeal.

Unless Appellant can show that the intervening parties' complaint was voluntarily dismissed, this appeal is subject to dismissal given the absence of an effective final judgment under Rule 58. . . . [W]e do not want to dismiss this appeal if an order of voluntary dismissal was, in fact, timely entered in the trial court.

On May 18, 2015, a certified supplemental record was filed in this Court. The supplemental record contained two orders from the Circuit Court, both of which were dated May 11, 2015. The first of these orders set aside the Circuit Court's June 17, 2014, order that allowed counsel for the Intervening Plaintiffs to withdraw. As the Circuit Court explained:

[T]he parties announce to the Court that the [June] 17th order was entered in error as the corporate intervenors, Correct Care Solutions, LLC and Commerce and Industry Insurance Company, required representation and could not be *pro se* parties in this cause. Upon the statements and arguments of counsel, the equity of the matter and the record as a whole, the Court finds the oral motion well taken and feels that the June 17, 2014 Order should be set aside and held for naught.

The Circuit Court concluded its order by entering it *nunc pro tunc*. Although the order does not state the date to which it was entered *nunc pro tunc*, we can only presume the

trial court intended it to relate back to June 17, 2014, the date that the Intervening Plaintiffs' attorneys were allowed to withdraw.

Following the entry of the first supplemental order, which restored Attorney Kyle Cannon and the Law Firm of Glassman, Wyatt, Tuttle & Cox, P.C., as counsel of record to the case, the Circuit Court attempted to finalize the trial proceedings by entering its "Supplemental Judgment Order on Bench Trial." This order incorporated the same findings of fact and conclusions of law that were incorporated into the Circuit Court's July 29, 2014, order. The supplemental judgment order was entered *nunc pro tunc* to July 29, 2014, was approved for entry by counsel for Ms. Smith and the County, and contained a certificate of service indicating that a copy had been served on Attorney Kyle Cannon.

Notwithstanding the Circuit Court's attempt to rectify the issues that were addressed in our May 6, 2015, order, we conclude that we cannot exert jurisdiction over this appeal. The record is still devoid of an effective final judgment under Tennessee Rule of Civil Procedure 58. The purpose of Rule 58 "is to insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he is involved." *Masters v. Rishton*, 863 S.W.2d 702, 705 (Tenn. Ct. App. 1992). We fail to see how the supplemental orders entered on May 11, 2015, satisfy this notice requirement. As the Tennessee Supreme Court discussed in *Blackburn v. Blackburn*, 270 S.W.3d 42 (Tenn. 2008), a "*nunc pro tunc* decree may not be entered in an attempt to make the record reflect what *should have happened,* rather than what actually did occur." *Id.* at 56 (citation omitted). Here, the Circuit Court's supplemental orders violate this concept.

First, we note that the Circuit Court's *nunc pro tunc* order reinstating counsel inappropriately attempts to make the record reflect what it believes should have happened concerning the Intervening Plaintiffs' representation.[1] That order does not change the reality that counsel for Intervening Plaintiffs had, in fact, withdrawn as of June 17, 2014. Second, the Circuit Court's supplemental orders attempt to impute notice retroactively. The fact that the supplemental judgment was entered *nunc pro tunc* to the date of the original judgment and includes reinstated counsel on the certificate of service does nothing to change the lack of notice given to the Intervening Plaintiffs prior to the filing of this appeal. Rule 58 notice was not given contemporaneous to the filing of the July 29, 2014, order, and the Circuit Court cannot deem that it was provided by way of the entry of a *nunc pro tunc* order. There is simply no evidence that the Intervening Plaintiffs were aware of the existence of a final, appealable judgment on that date. Moreover, the

---

[1] In this regard, we observe that the Circuit Court appeared to predicate its reinstatement of counsel on the basis that allowing their withdrawal to stand would improperly leave the Intervening Plaintiffs unrepresented. Although it is true that, as corporate parties, the Intervening Plaintiffs could not have prosecuted their claim absent the representation of counsel, this should not have prohibited Attorney Kyle Cannon and the Law Firm of Glassman, Wyatt, Tuttle & Cox, P.C., from withdrawing as counsel of record.

4

supplemental record does not indicate that the Intervening Plaintiffs dismissed their complaint prior to the trial in this cause. Because the Circuit Court's backdating of notice is ineffective to confer subject-matter jurisdiction on this Court, we must dismiss the appeal. The case is remanded for such further proceedings as may be necessary and are consistent with this Opinion. Costs of the appeal are assessed against the Appellant, Phyllis Smith, and her surety, for all which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE